UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:20-cv-14269-KMM

VICTORIA LYNN BERRY,

      Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security Administration,[1]

      Defendant.

                                       /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Victoria Lynn Berry's Motion for

Summary Judgment. ("Mot.") (ECF No. 17). Defendant Kilolo Kijakazi, Commissioner of Social

Security Administration, ("Defendant" or "Commissioner") filed a response in opposition.

("Resp.") (ECF No. 18). Plaintiff did not file a reply and the time to do so has passed. The Court

referred the above-captioned cause to the Honorable Shaniek M. Maynard, United States

Magistrate Judge, "for a ruling on all pre-trial, non-dispositive matters and for a Report and

Recommendation on any dispositive matters." (ECF No. 2). Pursuant to the Court's referral,

Magistrate Judge Maynard issued a Report and Recommendation recommending that Plaintiff's

Motion be DENIED and the decision of the Commissioners be AFFIRMED. ("R&R") (ECF No.

21). Plaintiff has filed Objections to the R&R, ("Objs.") (ECF No. 22), and Defendant filed a

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant
to Federal Rule of Civil Procedure 25(d), she is substituted for Andrew Saul as the Defendant. No
further action need be taken to continue this suit consistent with the Social Security Act. *See* 42
U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive
notwithstanding any change in the person occupying the office of Commissioner of Social Security
or any vacancy in such office.")

Response to Plaintiff's Objections.  ("Objs. Resp.") (ECF No. 23).  The matter is now ripe for

review.  As set forth below, the Court ADOPTS the R&R, subject to a clarification regarding the

applicable standard of review discussed in Part III.C.1, *infra*.

I.      **BACKGROUND**

This case arises from an Administrative Law Judge's ("ALJ") denial of Plaintiff's

application for disability insurance benefits.  R&R at 1–2.  The record for Plaintiff's application

has been filed on the docket.  ("Administrative Record") (ECF No. 14).[2]  In the R&R, Magistrate

Judge Maynard sets forth the following relevant background information:

> This case involved a determination of [Plaintiff]'s application for disability
> insurance benefits on November 8, 2017.  R. 92, 189.  In her application, Plaintiff
> alleged disability beginning on December 18, 2013 due to chronic bilateral knee
> pain, chronic bilateral ankle pain, plantar fasciitis in both feet, chronic pain all over,
> cirrhosis of the liver, sleep apnea with CPAP, anxiety, and bilateral carpal tunnel.
> R. 81.  On June 5, 2019, Plaintiff moved to amend her onset date of disability from
> December 18, 2013 to September 20, 2016.  R. 204.  Plaintiff's application was
> denied initially and upon reconsideration.  R.91, 101.  Plaintiff requested a hearing
> before an Administrative Law Judge ("ALJ"), and a hearing was held on July 8,
> 2019.  R. 36.  Plaintiff appeared, represented by counsel.
>
> On July 31, 2019, the ALJ issued an unfavorable decision finding that Plaintiff was
> not disabled as defined by the Social Security Act.  R. 29.

R&R at 1–2.

The five-step procedure that an ALJ is required to undertake while evaluating whether a

claimant is disabled, and therefore entitled to disability insurance benefits, is described at length

in the R&R.  R&R at 3–5.  The ALJ's five-step analysis, in this case, was described in the R&R

as follows:

> At step one, the ALJ found that Plaintiff had not engaged in substantial gainful
> activity since her amended alleged disability onset date of September 20, 2016.  R.
> 18.  At step two, the ALJ found that Plaintiff had the following severe impairments:
> chronic liver disease, gastritis and duodenitis, mild peripheral neuropathy, obesity,

---

[2]  References to "R." are to pages of the transcript of the Administrative Record.

chronic joint pain, osteoarthritis/degenerative joint disease bilateral feet/ankles, and plantar fasciitis. R. 18. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. R. 19. At step four, the ALJ found that Plaintiff has the [Residual Functional Capacity ("RFC")][3] to:

> perform light work as defined in 20 CFR 404.1567(b) except she can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, kneel or crawl; can frequently stoop, crouch and balance; must avoid concentrated exposure to extreme cold, extreme heat, excessive vibration, irritants such as fumes, odors, dust, and gases and must avoid moderate or occasional exposure to any hazards such as dangerous moving machinery and unprotected heights.

> R. 21. The ALJ then determined that Plaintiff possessed the capability to perform her past relevant work as a medical assistant. R. 29. Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from September 20, 2016 through September 30, 2017, the date last insured. R. 29.

R&R at 5–6.

Plaintiff raises three arguments in her Motion as to why this case should be remanded to the ALJ for further proceedings: (1) the ALJ failed to adequately consider physical therapy records ("Physical Therapy Evidence") showing that Plaintiff has severe problems with standing and walking, which conflict with the ALJ's finding that Plaintiff is capable of performing light work, (2) the ALJ failed to resolve an inconsistency between the RFC's statement that Plaintiff should avoid exposure to "any hazards" and the Vocational Expert's ("VE") testimony that Plaintiff can perform her past work as a medical assistant, and (3) Plaintiff argues that she should be deemed disabled under the Medical Vocational Guidelines based on her age, lack of transferrable skills, and inability to perform her past work. *See generally* Mot.

---

[3] "The regulations define RFC as the most a plaintiff can still do despite the limitations caused by his or her impairments." R&R at 4 (citing 20 C.F.R. § 404.1545(a)).

In the R&R, Magistrate Judge Maynard recommended that Plaintiff's Motion be denied and the Commissioner's decision be affirmed.  R&R at 13.  Now, Plaintiff has filed Objections to Magistrate Judge Maynard's recommendation, and Defendant has filed a response to Plaintiff's Objections.  *See generally* Objs.; Objs. Resp.  The Court discusses Magistrate Judge Maynard's R&R and Plaintiff's Objections, below.

## II.    LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions.  *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.").

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 1:17-CV-24263-UU, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III.   DISCUSSION

Magistrate Judge Maynard's recommendation, Plaintiff's Objections, and Defendant's Response to Plaintiff's Objections, are discussed below.

### A.     Magistrate Judge Maynard's Recommendation.

In the R&R, Magistrate Judge Maynard recommended the denial of Plaintiff's Motion and found as follows.

First, Magistrate Judge Maynard found that the ALJ's determination that Plaintiff can perform "light work" in the RFC is supported by substantial evidence. R&R at 6. Magistrate Judge Maynard noted that in reaching this conclusion, the ALJ considered a great deal of evidence including: (1) opinions from two state agency physicians, (2) x-ray evidence of Plaintiff's knees, (3) treatment records from various physicians who have treated Plaintiff, (4) evidence that Plaintiff told her podiatrist that physical therapy was working, and (5) portions of evaluations by Plaintiff's physical therapist.[4] R&R at 6–10. Most notably among the information highlighted by Magistrate Judge Maynard was that, during the period Plaintiff claimed to be disabled, she informed her

---

[4] To be clear, as discussed below, in the portion of the ALJ's findings which discuss evidentiary weight, the ALJ did not assign a specific weight to the Physical Therapy Evidence in the same manner that the ALJ did with other evidence. R. 28–29.

treating physicians that her right arm was "jerked while tubing," that she had accidentally hit her

ankle with a sledgehammer while chopping wood, and that she got poison ivy while working in

her yard. *Id*. at 10. Moreover, she also reported shoveling a trench at her house. *Id*. With respect

to the ALJ's failure to address two physical therapy entries from March 2017 which indicated that

Plaintiff had difficulties standing and walking, Magistrate Judge Maynard stated:

> Although the ALJ did not expressly discuss these particular physical therapy
> entries, an ALJ is not required to "specifically refer to every piece of evidence," so
> long as the decision is "enough to enable [a reviewing court] to conclude that the
> ALJ considered [the claimant's] medical condition as a whole." *Mitchell v.
> Comm'r, Soc. Sec. Admin*., 771 F.3d 780, 782 (11th Cir. 2014) (quoting *Dyer v.
> Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotations omitted). Here,
> the ALJ explained her findings and pointed to sufficient evidence showing she
> considered the medical record and evidence in its entirety.

R&R at 11.

Second, Magistrate Judge Maynard found that the ALJ's conclusion that Plaintiff can

perform her past relevant work as a medical assistant was supported by substantial evidence. R&R

at 11. Magistrate Judge Maynard rejected Plaintiff's contention that the ALJ erred by not resolving

an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles

("DOT"), stating:

> The RFC does not limit Plaintiff from exposure to "any hazards," as Plaintiff
> claims. Rather, the RFC limits Plaintiff from exposure to "any hazards such as
> dangerous moving machinery and unprotected heights." R. 21. There is nothing in
> the DOT that suggests a medical assistant is exposed to dangerous moving
> machinery or unprotected heights.

R&R at 12–13 (emphasis removed).

Third, Magistrate Judge Maynard found that Plaintiff's arguments premised upon the

medical vocational guidelines do not warrant a finding of disability because, for the reasons

discussed above, Plaintiff has not demonstrated that the ALJ erred in concluding that she can

perform her past relevant work as a medical assistant. *Id*. at 13.

**B.      Plaintiff's Objections Are without Merit and the Commissioner's Decision is Therefore Affirmed.**

In her Objections, Plaintiff argues that Magistrate Judge Maynard's R&R erred by: (1) finding that the ALJ did not err by failing to assign a weight to obviously probative evidence, (2) finding that that the ALJ's conclusion that Plaintiff can return to work as a medical assistant is consistent with the RFC, and (3) rejecting Plaintiff's arguments premised upon the vocational guidelines. *See generally* Objs. For the reasons discussed below, the Court finds that Plaintiff's Objections are without merit.

**1.   The ALJ Did Not Fail to Sufficiently Explain the Weight Given to Obviously Probative Evidence.**

Plaintiff's first argument is that ALJ's decision was unsupported by substantial evidence because the ALJ failed to consider, discuss, and weigh the parts of the Physical Therapy Evidence which contradict the ALJ's RFC because they included references to greater physical limitations. Objs. at 1. More specifically, Plaintiff argues that the Physical Therapy Evidence is "obviously probative," and the ALJ was therefore required to sufficiently explain the weight given to it under the Eleventh Circuit's decision in *Cowart v. Schweiker*. *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981); *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803 (11th Cir. 2013)). Plaintiff contends that Magistrate Judge Maynard erred in relying solely on the Eleventh Circuit's opinion in *Dyer* because the standard applied in that case does not capture the reviewing court's obligation to assess whether an ALJ adequately considered "obviously probative" evidence under *Cowart*. *Id.* at 1–2. To this point, Plaintiff notes that the Eleventh Circuit has recently reaffirmed *Cowart*'s requirements for "obviously probative evidence. *Id*. at 2 (citing *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104–05 (11th Cir. 2021) (citing *Cowart*, 662 F.2d at 735)).

In response, Defendant argues that the ALJ's RFC determination was supported after a thorough evaluation of significant evidence from other sources. Objs. Resp. at 2. Defendant contends that Magistrate Judge Maynard properly found that the ALJ thoroughly evaluated significant evidence from Plaintiff's other medical sources that were consistent with the RFC, including: (1) objective x-ray findings, R. 441–42; (2) the medical source opinions from state agency physicians Dr. Boukhemis and Dr. Amigo, R. 81–90, 94–101; and (3) numerous other medical sources including Dr. Newman, Dr. Singzon, Dr. Alghadban and Dr. Lopez, R. 287–88, 567–68, 570–71, 580–84, 634–36. Objs. Resp. at 2. Defendant argues that Magistrate Judge Maynard was correct that the ALJ's decision was supported by substantial evidence because there is no requirement for an ALJ to consider every piece of evidence. *Id*. at 3 (citing *Mitchell*, 771 F.3d at, 782 (quoting *Dyer*, 395 F.3d at 1211)). Defendant does not address whether Magistrate Judge Maynard erred with respect to any alleged failure by the ALJ to consider "obviously probative" evidence. *See generally id*.

Judicial review of an ALJ's final decision is limited to whether the ALJ's "conclusion, as a whole, was supported by substantial evidence in the record." *Dyer*, 395 F.3d at 1210 (citing *Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995) (citing 42 U.S.C. § 405(g)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" *Id*. (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir.1987) (internal quotation and citation omitted)). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Id*. (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004)). "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical

condition as a whole." *Mitchell*, 771 F.3d at 782 (citing *Dyer*, 395 F.3d at 1211).  However, while

"[a]n ALJ is not required to refer specifically to each piece of evidence in the record, [the ALJ]

must sufficiently explain the weight given to 'obviously probative exhibits.'"  *Cooper*, 521 F.

App'x at 808 (citing *Cowart*, 662 F.2d at 735); *see also Simon*, 7 F.4th at 1104–05.

The Physical Therapy Evidence at issue is described in Magistrate Judge Maynard's report

as follows:

> The first entry stated that Plaintiff had a moderate problem standing and could stand
> 15 to 60 minutes before experiencing symptoms of her plantar fascial fibromatosis.
> R. 343.  The second entry stated that Plaintiff had a severe problem with walking
> and was only able to walk 100 yards or less without symptoms.  R. 344.  Plaintiff
> argues that these entries are inconsistent with the ALJ's finding that Plaintiff could
> perform light work, which requires the ability to walk and stand for 6 hours in an
> 8-hour day.

R&R at 10.  Plaintiff has not objected to this characterization of the Physical Therapy Evidence in

her Objections.  *See generally* Objs.  The Court finds that Magistrate Judge Maynard's

characterization of the Physical Therapy Evidence accurately characterizes the extent to which it

is in tension with the ALJ's RFC based on the portions of the record relied on therein.  However,

the Court notes that in Plaintiff's instant Objections, she points to other portions of the Physical

Therapy Evidence.  Objs. at 2 (citing R. 21, 314–15, 352).

The first portion of the of the Administrative Record cited by Plaintiff is the beginning of

the ALJ's findings.  R. 21.  The second portion cited by Plaintiff includes an evaluation by

Plaintiff's physical therapist that indicates Plaintiff could not walk more than 100 yards without

pain and could not stand for more than 15 minutes without pain.  R. 314–15.  And the third portion

of the Administrative Record cited by Plaintiff includes another evaluation by Plaintiff's physical

therapist, created later in the course of Plaintiff's physical therapy, which states that Plaintiff can

perform "heavy work" in the household, and also states: "Moderate problem: Symptoms disrupt

standing within (15 to 60) minutes" and "Moderate Problem: Can walk (101 to 500) yards without symptoms."  R. 352.

The ALJ did not specifically discuss, or assign weight to, the specific standing and walking limitations cited by Plaintiff.  R. 25–29.  However, the ALJ did discuss other aspects of the Physical Therapy Evidence, stating:

> On March 2, 2017, she returned to physical therapy after about a month absence (Exhibit 2F/48).  She reported no pain at rest, but increased pain in both feet when working around the house.  Walking, going up and down ladders, working around the house, and stairs increased her pain (Exhibit 2F/48). . . .  She reported 0/10 pain in feet, but 6-7/10 in the lower legs.  It was noted she was able to perform heavy work regarding performing home cleaning and maintenance, classified as "High participation: Can perform heavy work" (Exhibit 2F/58).

R. 25.  While the ALJ discussed the Physical Therapy Evidence in general, the ALJ did not specifically assign any weight to any of the Physical Therapy Evidence in the manner that the ALJ did with other evidence, such as certain medical opinions.  R. 28–29 (citing Exhibits 1A and 3A).

Magistrate Judge Maynard concluded that the ALJ did not err by failing to consider the physical therapy evaluations because "an ALJ is not required to 'specifically refer to every piece of evidence,' so long as the decision is 'enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.'"  R&R at 11 (quoting *Mitchell*, 771 F.3d at 782 (alterations in original)).  Magistrate Judge Maynard further stated that "the ALJ explained her findings and pointed to sufficient evidence showing she considered the medical record and evidence in its entirety.  Plaintiff's claim of error regarding the ALJ's RFC determination should therefore be denied."  *Id*.

However, Magistrate Judge Maynard never considered whether the portions of the Physical Therapy Evidence cited by Plaintiff, which are in tension with the RFC, qualify as "obviously probative" evidence for which an ALJ must sufficiently explain the weight assigned to it.  *Mitchell*,

521 F. App'x at 808; *Simon*, 7 F.4th at 1104–05.  Thus, Magistrate Judge Maynard did not employ

the proper standard of review when considering Plaintiff's arguments.  The question here is not

whether the ALJ's opinion is well supported in general, but is rather whether the ALJ must have

sufficiently explained the weight assigned to evidence which is "obviously probative."

Accordingly, the Court turns to whether the Physical Therapy Evidence is the sort of "obviously

probative" evidence that an ALJ must specifically consider.

The Parties have not supplied the Court with examples of the sort of evidence that has been

considered "obviously probative" by other courts.  *See generally* Objs.; Objs. Resp.  In fact,

Defendant's Response does not even include the words "obviously probative."  *See generally* Objs.

Resp.  Rather, Defendant simply hangs its hat on the Eleventh Circuit's opinion in *Dyer*.  *Id*. at

2–3.  However, the standard in *Dyer*, considered in isolation, does not fully capture the scope of

this Court's analysis under binding Eleventh Circuit precedent.

The Eleventh Circuit has repeatedly cited to *Cowart* in recent years and thereby has

reaffirmed the obligation of reviewing courts to ensure that ALJs have "sufficiently explain[ed]

the weight given to 'obviously probative exhibits.'"  *Cooper*, 521 F. App'x at 808 (citing *Cowart*,

662 F.2d at 735); *see also Simon*, 7 F.4th at 1104–05.  Indeed, courts routinely remand cases back

to the Commissioner for failure to adequately consider "obviously probative" evidence.  For

example, in *Watkins v. Comm'r of Soc. Sec.*, the Eleventh Circuit found that an ALJ failed to

sufficiently explain the weight given to a treating physician's opinion as to the claimant's "sit/stand

limitation."  457 F. App'x 868, 871 (11th Cir. 2012).  The *Watkins* court stated:

> Although the ALJ is not required to specifically refer to every piece of evidence in
> the record, he is required to "sufficiently explain[] the weight he has given to
> obviously probative exhibits."  *Cowart*, 662 F.2d at 735.  The ALJ also must
> "clearly articulate the reasons for giving less weight" to a treating physician's
> opinion.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  Without a clear
> explanation of the ALJ's treatment of Dr. Feussner's sit/stand limitation, we cannot

determine whether the ALJ's ultimate decision on the merits was rational and supported by substantial evidence.

*Id*. (internal citations reformatted).  Typically, district courts throughout the Eleventh Circuit have remanded cases back to ALJs for failure to consider medical opinion evidence that contradicts an ALJ's RFC because such evidence is "obviously probative." *Reed v. Kijakazi*, No. 8:20-CV-1670-CPT, 2021 WL 3855951, at *5 (M.D. Fla. Aug. 30, 2021) ("This is especially true given that Dr. Molis' assessment the Plaintiff could only stand/walk for a total of two hours in an eight-hour workday was an 'obviously probative exhibit,' insofar as it contravenes the ALJ's RFC finding."   (citing *Cowart*, 662 F.2d at 735)); *Marrero o/b/o A.D.M. v. Saul*, No. 8:20-CV-133-TGW, 2021 WL 1086154, at *5 (M.D. Fla. Mar. 22, 2021) ("Dr. Minter and Dr. Taormina contain probative medical opinions that are arguably inconsistent with the law judge's finding of less than marked limitations in attending and completing tasks." (citing *Carter v. Colvin*, 569 Fed. Appx. 687, 689 (11th Cir. 2014); *Cowart*, 662 F.2d at 735) (internal citation omitted)); *Thompson v. Colvin*, No. 3:11-CV-1048-J-TEM, 2013 WL 1278083, at *6 (M.D. Fla. Mar. 28, 2013) (same).

In this case, for the reasons discussed below, the Court finds that the Physical Therapy Evidence in this case is not the sort of "obviously probative" evidence for which an ALJ must specifically assign a weight.

 First, the Physical Therapy Evidence is not from a treating physician, and is therefore distinguishable from the sort of evidence that is typically found to be "obviously probative." *Watkins*, 457 F. App'x at 871 (remanding case due to ALJ's failure to clearly explain reliance on an opinion of a neurologist); *Reed*, 2021 WL 3855951, at *5 (remanding case due to an ALJ's

12

failure to clearly assign a weight to medical opinion evidence); *Marrero*, 2021 WL 1086154, at *5 (same); *Thompson*, 2013 WL 1278083, at *6 (same).[5]

Second, although the ALJ recounted certain aspects of Plaintiff's physical therapist's evaluations in her findings, the ALJ did not specifically assign any weight to the physical therapy evidence or state that she relied heavily on it.  R. 25–29.  Therefore, this case does not present a circumstance where an ALJ has specifically credited contradictory information as persuasive without explaining how a contradictory aspect of the same information was resolved.  *See Reed*, 2021 WL 3855951, at *5.

Third, Plaintiff's Objections do not cite to a single case in which a reviewing court has found similar evidence to constitute "obviously probative" evidence for which an ALJ must explain the weight assigned to it.  Objs. at 1–3; *Haasbroek v. Princess Cruise Lines, Ltd.*, 286 F. Supp. 3d 1352, 1362 (S.D. Fla. 2017) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.  The court will not do his research for him." (citing *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001))).

Fourth, the Physical Therapy Evidence is rife with contradictions because on one hand it indicates that Plaintiff can perform "heavy work" around the house and on the other hand indicates that Plaintiff continued to experience pain.  R. 352.  Thus, the Physical Therapy Evidence can

---

[5]  The common finding that medical opinion evidence is "obviously probative" stems from the Eleventh Circuit's decision in *Winschel v. Commissioner of Social Security*, 631 F.3d 1176 (11th Cir. 2011), which held that "whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor." *Thompson*, 2013 WL 1278083, at *3 (citing *Winschel*, 631 F.3d at 1179 (citing 20 C.F.R. §§ 404.1527(a) (2), 416.927(a)(2) (other citations omitted)).

hardly be said to be "obviously probative" considering its inherent contradictions.  Relatedly, the

probative value of the Physical Therapy Evidence is substantially, if not entirely, diminished by

other key facts upon which the ALJ's opinion was based.  The most recent Physical Therapy

Evidence cited by Plaintiff is from March of 2017.  R. 352.  However, the ALJ specifically noted

that in the subsequent timeframe, Plaintiff engaged in activities that were entirely inconsistent with

her purported disability, such as: trench digging, chopping wood, tubing, and working in her yard.

R. 27–29; R&R at 10.  Thus, the Physical Therapy Evidence is not the sort of "obviously probative"

evidence that must be assigned a specific weight by an ALJ given the fact that its probative value

is severely diminished by Plaintiff's activities undertaken after March 2017.  *See, e.g.*, *Levie v.*

*Berryhill*, 757 F. App'x 834, 837 (11th Cir. 2018) ("While we have previously said that an ALJ

has an obligation to explain the weight given to "obviously probative" evidence, *Cowart*, 662 F.2d

at 735, treatment notes from a non-acceptable medical source that were taken five to seven years

prior to the claimant's alleged onset of disability are not obviously probative." (internal citation

reformatted)).[6]

Plaintiff has not disputed that the ALJ's RFC is otherwise supported by the ALJ's review

of a great deal of other evidence, including but not limited to: (1) objective x-ray findings, R. 441–

42; (2) the medical source opinions from state agency physicians, R. 81–90, 94–101; (3) numerous

other medical sources, R. 287–88, 567–68, 570–71, 580–84, 634–36; and (4) Plaintiff's activities

during the relevant time frame which include, but are not limited to, trench digging, chopping

wood, tubing, and working in her yard, R. 27–29.  Accordingly, the Court finds that the ALJ did

---

[6]  To be clear, the Court is not weighing the Physical Therapy Evidence for the purposes of
determining of the ALJ's decision is substantially supported by evidence.  Rather, the Court is
assessing the probative value of the evidence in order to determine if the ALJ must assign a specific
weight to it under *Cowart*.

not fail to adequately consider "obviously probative" evidence and, because the ALJ need not specifically refer to every piece of evidence in the record, the ALJ's conclusion was supported by substantial evidence in the record.  *Dyer*, 395 F.3d at 1210; *Cowart*, 662 F.2d at 735.

Plaintiff's first objection is, therefore, without merit.

### 2. The ALJ's Finding That Plaintiff Can Work as a Medical Assistant Does Not Conflict with the RFC.

Second, Plaintiff argues that the limitation to preventing exposure to any hazards such as dangerous moving machinery and unprotected heights is "essentially" a limitation of exposure to "any hazards"—which would conflict with the ALJ's finding that she could conduct her previous job as a medical assistant because that job involved hazards associated with the use of needles. Objs. at 3–4.  In response, Defendant contends that Plaintiff's RFC is limited to "any hazards such as dangerous moving machinery and unprotected heights"—which does not include hazards that would be confronted in her previous role as a medical assistant.  Objs. Resp. at 3.

Plaintiff's argument amounts to mere semantics and is without merit.  As noted by Magistrate Judge Maynard, "[t]he RFC does not limit Plaintiff from exposure to 'any hazards,' as Plaintiff claims.  Rather, the RFC limits Plaintiff from exposure to 'any hazards such as dangerous moving machinery and unprotected heights.'"  R&R at 12.  The Court agrees, for the reasons stated in the R&R, that the ALJ's use of the word "any" is qualified by the examples of hazards stated immediately thereafter.  *Id*.  The hazards associated with using needles as a medical assistant are highly distinguishable from the risks associated with moving machinery or unprotected heights. Plaintiff has not identified any risk associated with her previous role as a medical assistant that is analogous to moving machinery or unprotected heights.  Objs. at 3–4.

15

Therefore, the Court finds that Magistrate Judge Maynard was correct in finding that a person with Plaintiff's RFC could perform work as a medical assistant and Plaintiff's second objection is without merit.

### 3. Plaintiff's Third Objection Is without Merit.

Third, Plaintiff argues that because she is "unable to perform past relevant work based on the ALJ's RFC, a finding [that she is] disabled is warranted by Medical-Vocational Rule 202.06." Objs. at 4. In response, Defendant argues that because Plaintiff is able to perform her past work as a medical assistant, this case was properly resolved at step-four and any arguments relating to a finding under the medical-vocational guidelines, a step five determination, are improper. Objs. Resp. at 4. The Court agrees with Magistrate Judge Maynard that Plaintiff's arguments premised upon the medical vocational guidelines do not warrant a finding of disability because Plaintiff has not demonstrated on appeal that the ALJ erred in concluding that she can perform her past relevant work as a medical assistant. *Id*. at 13.

Thus, Plaintiff's third objection is, therefore, without merit.

## IV.    CONCLUSION

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1.  Magistrate Judge Maynard's Report and Recommendation (ECF No. 21) is ADOPTED, subject to the above-stated clarifications regarding the applicable standard for "obviously probative" evidence.

2.  Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED, and the Commissioner's Decision is AFFIRMED.

3. This case is DISMISSED WITH PREJUDICE.

4. The Clerk of Court is INSTRUCTED to CLOSE this case.

5. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this _31st_ day of January, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record